UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA WEST PETROLEUM, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP WEST COAST PRODUCTS, LLC, et al., <br><br> Defendants. | Case No. 2:15-cv-01684-APG-PAL <br><br> **ORDER** <br><br> (Mots. to Seal – ECF Nos. 38, 46, 48) |

This matter is before the court on the parties' Motions to Seal (ECF No. 38, 46, 48). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The Motions seek leave to file under seal certain concurrently filed exhibits. The parties request that the exhibits be sealed because they purportedly contain confidential information as defined by the parties' Stipulated Protective Order (ECF No. 34) ("Protective Order"). However, the Motions do not make a particularized showing to support sealing.

Although the court approved the Protective Order, LR 10-5 does not permit documents to be filed under seal simply because the court approved a blanket protective order to facilitate the parties' discovery exchanges. Rather, a party who designates documents as confidential is required to meet the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). In addition, the Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted while leaving meaningful information available to the public. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *In re Roman Catholic Archbishop of Portland*, 661

F.3d 417, 425 (9th Cir. 2011). To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984). A sealing order should be limited to information that is "actually sensitive," that is, only the parts of the material necessary to protect the designating party. *Id.*

The court appreciates that the Motions were filed to comply with the parties' obligation to treat documents designated by opposing counsel as confidential, but a cursory statement that a document is confidential does not make a particularized showing to support sealing. The court will allow the exhibits to remain sealed temporarily so that the parties and their counsel may confer about what, if any, portion should remain sealed. The designating party (or parties) will be required to file within 14 days either: (i) an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing. Pursuant to *Kamakana* and its progeny, a supporting memorandum must set forth either good cause or compelling reasons to support the request for sealing.

Additionally, the court notes that Plaintiffs' Motions to Seal (ECF Nos. 46, 48) were erroneously filed under seal when *the motions themselves* do not contain any confidential information—only the attached exhibits present confidential information. If a motion to seal itself contains confidential information, the moving party may file a *redacted* motion to seal on the public docket and an *unredacted* motion under seal. However, this practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific references to confidential information. For additional direction, the parties should review the order filed concurrently herewith addressing sealed filings and the CM/ECF filing procedures available on the court's website, or contact the CM/ECF Helpdesk at (702) 464-5555. The court will direct the Clerk of the Court to unseal the motions.

Accordingly,

**IT IS ORDERED:**

1. The parties' Motions to Seal (ECF Nos. 36, 46, 48) are DENIED without prejudice.

2. The Clerk of the Court shall UNSEAL Plaintiffs' Motions to Seal (ECF Nos. 46, 48), but not the exhibits.

3. The parties' exhibits shall remain under seal until **September 30, 2016**.

4. The designating (or parties) shall have until **September 30, 2016**, to review the documents and file either: (i) an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.

5. If the parties fail to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 16th day of September, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE