UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEVADA WEST PETROLEUM, LLC, et al., Plaintiffs, v. BP WEST COAST PRODUCTS, LLC, et al., Defendants. | Case No. 2:15-cv-01684-APG-PAL ORDER |

This matter is before the court on defendants' Application for Attorney's Fees and Costs (ECF No. 63). The court has considered the application, Supporting Memorandum (ECF No. 64), plaintiff's response (ECF No. 68), defendant's Reply (ECF No. 71) and the arguments of counsel at the hearing held January 31, 2017.

**BACKGROUND**

The Complaint (ECF No. 1) was filed September 1, 2015. It is a lawsuit for damages arising out of alleged bad faith practices by and on behalf of petroleum franchisors/refiners defendants BP West Coast Products, LLC, Tesoro Refining & Marketing, and Treasure Franchise Company. Plaintiffs assert claims for violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et. seq.; breach of contract; breach of the covenant of good faith and fair dealing; and civil conspiracy.

The court entered a Discovery Plan and Scheduling Order (ECF No. 30) which initially established an August 25, 2016 discovery cutoff, and other case management deadlines consistent with LR 26-1. On August 8, 2016, defendants filed a Motion to Strike Plaintiff's Expert Report (ECF No. 37), and Motion to Compel Discovery (ECF No. 39). The court set the matters for hearing on September 30, 2016. After hearing arguments of counsel, the court granted in part and denied in part defendants' motion to compel. Plaintiffs' boiler plate objections were overruled and

1

stricken, and supplemental responses fully compliant with Rule 34(b)(2)(B) & (C) were compelled. The court also required that the supplemental response indicate whether any responsive documents were being withheld on the grounds of privilege, and required plaintiffs to produce a privileged document log for any withheld documents. The court overruled plaintiffs' work product objections.

With respect to the motion to strike plaintiffs expert, the court gave the plaintiffs two weeks in which to serve a fully compliant Rule 26(a)(2)(B) report. The court continued the hearing, reserving decision on whether the expert report should be stricken, and what, if any, additional sanctions should be imposed. However, the court's oral ruling made it clear that at a minimum, if the plaintiffs produced a completely compliant expert report, plaintiffs' counsel would be responsible for the costs of opposing counsel deposing the expert as well as reasonable costs and attorney's fees incurred in filing the motion to compel.

A status conference was set for October 18, 2016, to address plaintiffs' compliance with the court's order. The parties filed a Joint Status Report (ECF No. 58) on October 13, 2016, as directed. The supplemental status report advised the court that plaintiffs had served a supplemental expert disclosure; supplemental responses to defendants' first request for production of documents; a ninth supplemental Rule 26(a) witness and document disclosure, along with corresponding documents as part of plaintiffs' responses to defendants' document requests.

Defendants continued to complain about deficiencies with plaintiffs' supplemental expert report prepared by Mr. Santicola on several grounds, and argued that the supplemental report should also be stricken for various reasons. Defendants also complained about the adequacy of defendants' supplemental responses to requests for production the court compelled plaintiffs to produce.

Plaintiffs responded to defendants' objections arguing that the objections about Mr. Santicola's opinions went to the weight and credibility of his opinions rather than to the admissibility of his report. With respect to the supplemental responses to requests for production of documents, plaintiffs stated that they had identified documents in their care, custody and control they intended to rely upon to support their damages claim, including more than 1,000 pages of

detailed records regarding the financial operation of their stations which came from the defendants' own system. Plaintiffs also produced financial statements from the plaintiff entities, including revenue and expense information which Mr. Santicola used to develop a detailed calculation of the plaintiffs' damages. In addition, plaintiffs provided copies of their monthly bank statements, cancelled checks, and offered to produce their electronic bookkeeping file for the defendants' inspection if requested. Counsel for plaintiffs also represented that any other responsive tax returns that had not been produced or filed after plaintiffs initially produced previous returns would be obtained and produced immediately.

At the October 18, 2016 hearing, the court required the parties to meet and confer in an effort to agree upon reasonable costs and attorneys' fees as sanctions for the necessity of filing the motion to compel. The court indicated that if the parties were able to reach an agreement regarding the amount of reasonable costs and attorneys' fees, they should file a stipulation reflecting the agreed-upon amount. The court set a deadline to file an application for fees and costs and plaintiffs' response.

As a sanction for plaintiffs' failure to timely serve a Rule 26(a)(2)(B) compliant expert report the court ordered that plaintiffs would be responsible for the costs of making Mr. Santicola available for a deposition. Specifically, the court ordered that plaintiffs would incur Mr. Santicola's expert fees for appearing for and preparing for his deposition, court reporter fees, and the cost of an original and one copy of the transcript. The court required the deposition to be scheduled within 30 days of the hearing.

Finally, because plaintiffs' expert report's damages opinions were at odds with testimony of plaintiffs' Rule 30(b)(6) designee the court also required counsel for plaintiffs to supplement their damages calculation to clarify the damages position of their client, and gave defendants 30 days after the date of plaintiffs' expert deposition to disclose a rebuttal expert. The Motion to Strike (ECF No. 37) was denied without prejudice to filing a motion in limine before trial challenging the admissibility of plaintiffs' expert's opinions.

The parties were unable to agree on reasonable costs and attorneys' fees incurred for filing the motion to compel. Counsel for defendants filed an Application for Attorneys' Fees and Costs

(ECF No. 63) seeking to recover attorneys' fees and costs incurred for filing the motion to compel and motion to strike. The application for attorneys' fees and costs requested $48,617.98 in total fees and costs. Plaintiffs filed a response requesting that the court significantly reduce the amount sought. The response indicated that plaintiffs did not dispute the reasonableness of the hourly rate charged by the lawyers who performed the work for which reimbursement was sought, or that defendants obtained a favorable result. Rather, plaintiffs disputed the reasonableness of defense counsel's expenditure of hours arguing that the legal issues presented in the two discovery motions were not particularly novel or difficult, and that defendants' request for in excess of 170 hours of combined work performed by 2 partners, 2 associates, and a paralegal was excessive.

The response asked the court to significantly reduce the amount sought as sanctions on several grounds. First, the response argued that some of the claimed charges related to routine evaluation of documents or inter-office discussion regarding case strategies rather than work on the two motions at issue. Additionally, some of the charges included multiple tasks blocked into a single entry, making it difficult to evaluate the reasonableness of the specific charges. Plaintiffs contend the approximately 57 hours were charged for preparing the motions, and approximately 48 hours for reading plaintiffs' opposition and preparing replies was excessive. Finally, plaintiffs object to the award of any charges associated with work performed after the first hearing, which totaled approximately 35 hours. The response noted that the court declined to strike plaintiffs' supplemental expert report finding it complied with Rule 26 and that any additional objections were more properly brought as a motion in limine rather than as a discovery motion. Finally, plaintiffs requested that the court hold an award of attorneys' fees and costs "in abeyance until the disposition of the case at the trial."

Defendants filed a Reply (ECF No. 71) arguing that the plaintiffs had failed to dedicate the time necessary to satisfy their disclosures and discovery obligations at every step of the litigation. The failure to timely prepare and serve a Rule 26(a)(2)(B) compliant report effectively resulted in the court striking its first expert disclosure, and that plaintiffs' failure to spend enough time satisfying their discovery and disclosure obligations is what led to sanctions in the first place.

On the merits of the fee and cost application, defendants argue that plaintiffs' blanket complaints about the total amount spent were insufficient; that inter-office conferences and evaluation of documents related to the motions were recoverable; that plaintiffs complaints about block billing were unfounded; that the time spent traveling to and preparing for attending the hearings was reasonable and recoverable; and that defendants were entitled to recover their attorneys' fees and costs incurred after the parties' first hearing. Finally, the reply argued that the fees and costs awarded should be paid immediately as plaintiffs have cited no authority authorizing delayed payment of monetary sanctions.

The reply requested additional attorneys' fees and costs for a total of $57,852.48 with $56,139 in attorneys' fees, and $1,713.48 in costs and expenses. This sum includes additional attorneys' fees and costs incurred relating the parties' jointly submitted, but disputed scheduling order, drafting the application for attorneys' fees and costs, and reply in support of the request for an additional 47 hours of work, or $11,259.50 in attorneys' fees. It also addressed and corrected an "inadvertent typographical error in this Ms. Beller's August 8, 2016 entry" to reduce the original application for attorneys' fees requested from $170.8 hours to 162.7 hours, or $44, 879.50 in attorneys' fees.

## **DISCUSSION**

The court found that reasonable attorneys' fees and costs would be awarded as a sanction for the necessity of defendants filing the motion to compel. Sanctions are warranted under both Fed. R. Civ. P. 37(c)(5)(A) and 37(c)(1). Rule 37(c)(5)(A) mandates sanctions where a motion to compel has been granted or documents produced after a motion to compel is filed unless: (1) the moving party filed the motion before attempting to resolve the discovery dispute in good faith; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. The court found that the defendants had attempted in good faith to resolve the discovery disputes involved in the motion to compel and in the motion to strike in good faith before filing the motion. The court also found that plaintiffs' discovery responses and untimely and non-compliant Rule 26(a)(2)(B) expert disclosure were neither substantially justified or harmless. Plaintiffs do not claim that an award of expenses would

be unjust. Rule 37(c)(1) authorizes sanctions for failure to timely comply with the expert disclosure obligations of Rule 26.

The court has carefully reviewed the moving and responsive papers in connection with this application, the supporting declaration of attorney Northrup, and the attached timesheets supporting the application. As an initial matter, the court notes that the court denied defendants' motion to strike plaintiffs' expert, but shifted the costs of taking the expert's deposition to the plaintiffs, the non-complying party. Thus, although it is undisputed that plaintiffs' initial expert disclosure was untimely and did not comply with Rule 26(a)(2)(B), the court imposed monetary sanctions, by cost-shifting, to mitigate the prejudice to the defendants.

Defendants' application for attorney's fees and costs initially sought reimbursement for 170.8 hours for total time spent on the motion to compel and motion to strike. The application requested reimbursement for 30.1 hours of partner time at the rate of $435/hr., 110.0 hours of associate time of the primary associated assigned to this case at the rate of $250/hr., 27.2 hours of associate at the rate of $220/hr., and 3.5 hours of paralegal services at the rate of $210/hr. The reply reduced the amount of attorneys' fees and costs sought for the motion to compel and motion to strike to 162.7 hours, for a total of $44,879,50 in fees, but increased the request for an award in the amount of $57,852.48 for the additional time incurred in drafting the application for attorney's fees and costs and reply.

The court finds that the attorneys' fees and costs requested in the current applications are excessive to impose as a discovery sanction for a number of reasons. As indicated, the court denied defendants' motion to strike plaintiffs' expert. Instead, the court sanctioned the plaintiffs by requiring plaintiffs to supplement the expert report with a fully compliant Rule 26(a)(2)(B) expert report, and incur the costs of preparing for and having the expert attend the deposition, as well as the court reporter fees and transcript for the deposition. Although the court does not doubt that the attorney's fees and costs reflected in the timesheets submitted were actually expended, that does not mean that these attorneys' fees and costs are appropriately awarded as sanctions against the plaintiffs in favor of the defendants. The Motion to Compel (ECF No. 39) consisted of 18 pages with the last page consisting of a paragraph conclusion, and supporting exhibits. Half of the motion

to compel described the nature of the plaintiffs' claims, and summarized the text of the discovery requests and responses in dispute. The motion did not raise any novel or difficult legal issues. The motion to strike was a 21-page document with 75 pages of supporting exhibits. In addition to arguing plaintiffs' expert should be stricken for failure to comply with their discovery and disclosure obligations, the motion raised issues regarding the admissibility of the expert's opinions pursuant to Fed. R. Evid. 702, and on the grounds the expert was purporting to offer inadmissible legal conclusion testimony.

The declaration of attorney Douglas Northrup supporting the application attests that he reviewed the timekeeping and billing records maintained by the firm, and relates the education and experience of the timekeepers involved in the attorney's fees and costs for which an award is sought. The declaration attests that attorneys' fees and costs are sought for a number of legal services provided on defendants' behalf related to successfully arguing the motion to compel and motion to strike. Northrup Declaration (ECF No. 63-1, ¶9). Specifically, the application sought reimbursement for: researching and drafting defendants' motions; (2) researching and drafting the replies in support of those motions; (3) drafting of two declarations to provide evidentiary support for defendants' motions; (4) numerous meet and confers relating to plaintiffs' discovery and disclosure deficiencies; (5) the review of unorganized and duplicative document production to assess deficiencies in supplementation of plaintiffs' responses after filing of defendants' motions; (6) investigation relating to plaintiffs' disclosed expert who failed to provide a prior case list; and (7) preparation for and attendance at two hearings on defendants' motions.

As indicated, plaintiffs do not object to the hourly rate sought for the various timekeepers whose time is reflected in the current application. The hourly rates charges are consistent with prevailing rates in this district and reasonable. However, the court will not impose the nearly $58,000 in fees and costs requested as a sanction for plaintiffs' discovery violations. The court finds much of the work billed was for tasks that would undoubtedly have been performed whether or not a motion to compel or motion to strike based on discovery violations was filed. The court will not sanction plaintiffs for time spent reviewing discovery documents, supplemental responses or time spent investigating opposing counsel's expert. The court will also not award monetary

sanctions for time spent in meet and confer sessions which are mandatory before a discovery motion may be filed, and would be required whether a not a motion was necessary. The court will also not approve time spent among 5 separate time keepers conferring and reviewing each other's work. Finally, the court will not impose travel time or costs for attending the hearings. Defendants' law firm has offices in Phoenix, Arizona and Las Vegas, Nevada. Although the decision to assign the majority of work in this case to an experienced litigator in the Phoenix office is clearly up to the firm and the client, imposing travel costs as a sanction is not equitable where, as here, the firm has assigned a Las Vegas partner to the case who is actively working and billing for his time on this case. Again, the court emphasizes that it does not doubt that the time requested as sanctions was actually spent, or that counsel reasonably believed the amount of time spent was necessary to defend their clients' interests, only that the amount sought is excessive as a discovery sanction.

Having carefully reviewed the moving and responsive papers, and the timesheets submitted, the court will award a total of $19,341.76 in attorneys' fees and costs as a sanction for plaintiffs' discovery failures. The court finds that defendants should be reimbursed reasonable attorneys' fees and costs as follows:

Motion to Compel

- 16 hrs. Assoc. Beller ($250/hr.)     $4,000.00
- 8 hrs. Assoc. Beller ($250/hr.) for reply     $2,000.00
- 2 hrs. Partner Northrup ($435/hr.) review motion to compel and reply     $ 870.00
- 2 hrs. Partner Byrd ($435/hr.) same     $ 870.00

**Total $7,740.00**

Motion to Strike

- 16 hrs. Assoc. Beller ($250/hr.)     $4,000.00
- 8 hrs. Assoc. Beller ($250/hr.) for reply     $2,000.00
- 2 hrs. Partner Northrup ($435/hr.)     $ 870.00
- 2 hrs. Partner Byrd ($435/hr.)     $ 870.00

**Total $7,740.00**

Preparing for and Attending 3 Hearings

- 9 hrs. Assoc. Beller ($250/hr.)     $2,250.00
- 3 hrs. Partner Byrd ($435/hr.)     $ 1305.00

**Total   $3555. 00**

Costs

The application seeks $1713.48 in total costs. Of this amount, $1,406.72 is sought for travel expenses for Ms. Beller to travel to and from Phoenix for the hearings. Although the client may be willing to pay travel costs and fees to the law firm associated with travel, such costs are not appropriately assessed as a sanction where, as here, the law firm has a local partner who is actively involved in and billing for his time in this case. Accordingly, the court will allow costs of $306.76, disallowing the travel expenses of Ms. Beller for traveling to and from Phoenix for hearings in this case.

Total $   306.76

**Grand Total  $19,341.76**

Finally, the court finds plaintiffs have not shown good cause to delay paying the sanctions until the end of the case.

**IT IS ORDERED:**

1. Attorneys' fees and costs of $19,341.76 are awarded in favor of defendants against plaintiffs as discovery sanctions.
2. Plaintiffs' request to delay payment of the sanctions to the end of the case is Denied.

DATED this 5th day of May, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE